UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

        v.

Robyn Keith Amos, Jr.,

        Defendant.

**ORDER**
Criminal No. 07-117 ADM/SRN

_____

Andrew S. Dunne, Esq., United States Attorney's Office, Minneapolis, MN, on behalf of
Plaintiff.

Katherine M. Menendez, Esq., Federal Public Defender's Office, Minneapolis, MN, on behalf of
Defendant.

_____

## I. INTRODUCTION

Robyn Keith Amos, Jr. ("Amos") has filed a Motion for Reduction of Sentence pursuant

to 18 U.S.C. § 3582(c) [Docket No. 21] ("Motion"). The Government has filed a Response to

Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(2) [Docket No. 26]

("Response") and does not oppose Amos's request for sentence reduction to 69 months. For the

reasons set forth below, Amos's motion is granted.

## II. BACKGROUND

On June 6, 2007, Amos pled guilty to Count 1 of a three-count indictment charging

distribution of approximately 52.08 grams or more of cocaine base in violation of 21 U.S.C. §§

841(a)(1) and (b)(1)(A). See Plea Agreement Hearing [Docket No. 12]; Indictment [Docket No.

8] 1. At the time of sentencing, the guidelines called for a base offense level of thirty for

distribution of 50 or more grams of cocaine base according to section 2D1.1 of the 2007 United

States Sentencing Guidelines ("U.S.S.G."). Amos was also subject to a two-level enhancement

for "possession of a firearm" under U.S.S.G. § 2D1.1(b)(1), and a three-level reduction for

"acceptance of responsibility" under U.S.S.G. § 3E1.1.  The adjusted offense level of twenty-

nine and a criminal history category of IV called for a recommended range of imprisonment of

121 months to 151 months.  See Mot. 1; see also U.S. Sentencing Guidelines Manual Ch. 5 Pt. A

(2007).  Amos's offense also carried a 120-month mandatory minimum sentence.  See 21 U.S.C.

§ 841(b)(1)(A).  As a result of the Government's downward departure motion under U.S.S.G. §

5K1.1 and 18 U.S.C. § 3553(e), see Mot. 1, Amos was sentenced to a term of imprisonment of

70 months, followed by a five-year term of supervised release.  Judgment [Docket No. 17] 2–3.

On October 21, 2010, the U.S. Sentencing Commission lowered the offense levels for

cocaine base offenses stated in U.S.S.G. § 2D1.1.  As of November 1, 2011, this sentence

reduction was made to apply retroactively.  See U.S.S.G. § 1B1.10(c).  On March 2, 2012, Amos

filed the instant motion requesting the retroactive reduction of his cocaine base sentence.

### III.  DISCUSSION

Under U.S.S.G. §1B1.10, a court has discretion to reduce a defendant's sentence as a

result of an amended guideline range.  In considering a sentence reduction pursuant to 18 U.S.C.

§ 3582(c)(2), courts must determine the following: (1) the amended guideline range and what

sentence would have been given if the amended guideline had applied at the time of original

sentencing; and (2) whether to exercise its discretion to reduce the sentence, as adjudged by the

factors in 18 U.S.C. § 3583(a).  United States v. Hasan, 245 F.3d 682, 684–85 (8th Cir. 2001).

Furthermore, where a defendant previously received a downward departure for "substantial

assistance" at the time of the original sentencing, he is eligible to receive a reduction comparably

less than the amended guideline range of imprisonment.  See U.S.S.G. § 1B1.10(a)(2)(B).  When

a statutory minimum exceeds the amended guideline range, the statutory sentence "shall be the guideline sentence." U.S.S.G. § 5G1.1(b).  Therefore, where a statutory minimum is effectively the guideline sentence, any commensurate reduction must be based on the statutory minimum. United States v. Johnson, 517 F.3d 1020, 1023–24 (8th Cir. 2008).

Amos pled guilty to distributing approximately 52.08 grams.  See Plea Agreement Hearing, Indictment 1.  Under the amended guidelines, 52.08 grams of cocaine base would warrant a guideline range of 84 months to 105 months due to a base offense level of twenty-six, an adjusted offense level of twenty-five and a criminal history category of IV.  See U.S. Sentencing Guidelines Manual Ch. 5 Pt. A.  Because the statutory minimum exceeds the amended guideline range, the statutory sentence is the appropriate guideline.  Amos is therefore subject to the statutory minimum sentence of 120 months.  See 21 U.S.C. § 841(b)(1)(A).

At the time of sentencing, the 70 months that Amos received pursuant to the Government's motion under U.S.S.G. § 5K1.1 and 18 U.S.C. 3553(e) represented a 58% downward departure from the advisory guideline minimum of 121 months.  Based on the totality of the factors, this Court finds that Amos is eligible for a commensurate departure from the 120-month statutory minimum under the amended guidelines.  Applying a reduction to 58% of 120 months yields an amended sentence of 69.6 months.

Amos moves to have his sentenced reduced by a full month because the sentencing system generally functions in units of months.  Mot. 2.  The Government is not opposed.  Resp. 5.  Accordingly, this Court grants Amos's Motion and reduces his sentence to 69 months.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that Defendant's Motion for Reduction of Sentence Pursuant to 18

U.S.C. § 3582(c) [Docket No. 21] is **GRANTED** as follows:

1.      The Defendant's sentence is reduced to 69 months; and

2.      All other conditions, including the five-year term of supervised release, shall

remain in effect.

                                                        BY THE COURT:


                                                        _____s/Ann D. Montgomery_____
                                                        ANN D. MONTGOMERY
                                                        U.S. DISTRICT JUDGE

Dated:  March 16, 2012.